### David C. PARTRIDGE, Plaintiff–Appellant,

v.

### State of OHIO; Greene County, Ohio; Greene County Common Pleas Court; Greene County Support Enforcement Agency; Julie Spirito; Flanagan, Lieberman, Hoffman & Swaim, Defendants–Appellees.

No. 03–3389.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2003.

David C. Partridge, pro se, Centerville, OH, for Plaintiff–Appellant.

Elise W. Porter, Office of the Attorney General of Ohio, Holly J. Hunt, Ohio Attorney General's Office, Columbus, OH, Jeffrey C. Turner, Surdyk, Dowd & Turner, Arthur R. Hollencamp, Hollencamp & Hollencamp, Dayton, OH, for Defendants–Appellees.

Before NORRIS, BATCHELDER, and COLE, Circuit Judges.

### ORDER

David C. Partridge, proceeding pro se, appeals a district court judgment dis-

missing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking shared custody of his children, monetary damages, and other relief, Partridge filed suit in federal court against the State of Ohio, Greene County, Greene County Common Pleas Court, Greene County Support Enforcement Agency, Julie Spirito, and the law firm of Flanagan, Lieberman, Hoffman, & Swaim. Partridge asserted that: 1) the Common Pleas Court "illegally suppresséd evidence" by not permitting certain evidence to be subpoenaed and introduced in his divorce case with Julie Spirito; 2) the Common Pleas Court used an incorrect income figure for Partridge in that case; 3) the Support Enforcement Agency used a support order which Partridge had refused to sign and did not stop alimony payments on time; 4) the Common Pleas Court did not respond in writing to the claim that Spirito's lawyer had filed a brief late or to Partridge's request for a hearing; 5) the Greene County Court of Appeals was "discriminatory" in its decision upholding the Common Pleas Court when it held that the suppression of evidence issue should have been appealed to the Domestic Relations Judge, who had, in fact, made the decision; 6) the Greene County Court of Appeals erred in holding that ineffective assistance was not a ground for appeal; 7) the decision of the Greene County courts against shared parenting in this case violates Partridge's right to due process; 8) Partridge's Ohio R. Civ. P. 60(b) motion should have been granted; 9) the Greene County courts conspired to decide this case, depriving Partridge of his right to due process of law; 10) Spirito committed perjury in the domestic relations case; 11) the State of Ohio provides loopholes in its domestic relations law and allows secret government files to be kept in violation of the Freedom of Information Act; and 12) the Domestic Relations Judge, who had freed a convicted drug dealer, violated Partridge's right to due process of law by failing to recuse himself as Partridge's case involved drugs. A magistrate judge recommended dismissing the action pursuant to Fed.R.Civ.P. 12(b)(1), (b)(6), and (c). Over Partridge's objections and upon de novo review, the district court adopted the magistrate judge's reports and recommendations and dismissed the case.

In his timely appeal, Partridge essentially reasserts his claims.

Upon de novo review, we conclude that the district court lacked subject matter jurisdiction in the instant case. *See Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce. *Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). While Partridge attempts to assert civil rights claims, he essentially raises domestic relations issues by challenging Ohio court child custody and divorce decisions and by seeking relief in the form of shared custody of his children.

■ Additionally, Partridge's claims are barred by the *Rooker–Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Partridge's federal case is essentially an impermissible

appeal of the state court judgment as it raises specific grievances regarding decisions of Ohio's domestic relations courts. Thus, the district court lacked jurisdiction over any challenge Partridge is making to the legal proceedings held in the Greene County Common Pleas Court and Court of Appeals.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.